## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| BONNIE J. WILSON, | DOCKET NUMBER |
| Appellant, | SF-844E-18-0127-I-1 |
| v. | |
| OFFICE OF PERSONNEL | DATE: June 30, 2023 |
| MANAGEMENT, | |
| Agency. | |

# THIS ORDER IS NONPRECEDENTIAL[1]

Steven E. Brown, Esquire, Westlake Village, California, for the appellant.

Albert Pete Alston, Jr., Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### REMAND ORDER

¶1    The appellant has filed a petition for review of the initial decision, which affirmed a reconsideration decision of the Office of Personnel Management (OPM) finding her no longer eligible for continued disability retirement benefits under the Federal Employees Retirement System (FERS). For the reasons

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to OPM for a new reconsideration decision addressing whether the appellant's medical conditions, including heavy metal poisoning, entitle her to continued disability retirement benefits.

## BACKGROUND

¶2    The appellant was formerly employed as a Tools & Parts Attendant at the Puget Sound Naval Shipyard. Initial Appeal File (IAF), Tab 9 at 24, 33. She was removed from Federal service effective December 15, 2009, due to an "inability to perform assigned duties for medical reasons." *Id.* at 32-33. She filed an application for a disability retirement annuity under FERS. *Id.* at 24-27. In her Applicant's Statement of Disability, she described her conditions as "permanent damage to [her] eyes and redness on [her] neck due to an exposure in the Tool Room," an "achiness in [her] neck and elbow" which was impeding her ability to lift objects, and severe insomnia. *Id.* at 21-22. OPM has provided documentation, presumably submitted by the appellant, showing she was diagnosed with hypersomnia with sleep apnea, *id.* at 74, was suffering from a history of contact dermatitis and eczema in 2005, *id.* at 75 and 79, and as of 2009 had high levels of bismuth, cadmium, lead, mercury, and tin in her urine, *id.* at 81-88, and dry eye syndrome, *id.* at 95-100. On May 25, 2010, OPM approved the appellant's FERS disability retirement application. *Id.* at 37-39. OPM found the appellant "disabled due to multiple conditions" from her previous position as a Tools & Parts Attendant. *Id.* at 40.

¶3    On June 16, 2016, OPM issued an initial decision determining that the appellant was not eligible for continued disability retirement payments because she had not shown that her medical condition still rendered her disabled. *Id.* at 57-58. The decision noted that the appellant had previously been found disabled "due to poison exposure of dangerous levels of chemicals and heavy metals causing significant systemic reactions." *Id.* at 57. The appellant requested

reconsideration from OPM and submitted additional medical documentation. *Id.* at 68-69. OPM issued a reconsideration decision denying the appellant's reconsideration request, and indicated that her medical evidence was insufficient to support continued disability retirement benefits for the accepted condition of eye and skin exposure. *Id.* at 7-8.

¶4 The appellant appealed OPM's reconsideration decision, IAF, Tab 1, which the administrative judge affirmed, IAF, Tab 32, Initial Decision (ID). The appellant timely filed a petition for review. Petition for Review (PFR) File, Tab 1. On review, she reasserts that she has a continuing disability caused by heavy metals, which has resulted in various conditions, and that OPM is "trying to get out of paying a severely disabled person" by incorrectly limiting her medical conditions to skin and eye irritation. PFR File, Tab 7 at 2-3. OPM has responded to the petition and the appellant has replied. PFR File, Tabs 6-7.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5 Generally, the Board only has jurisdiction over retirement issues once they have been the subject of an OPM reconsideration decision, and the Board will not consider evidence relating to medical conditions unless they were presented to, and addressed by, OPM. *Ott v. Office of Personnel Management*, 120 M.S.P.R. 453, ¶ 4 (2013); *Ballenger v. Office of Personnel Management*, 101 M.S.P.R. 138, ¶ 12 (2006). However, when OPM fails to adjudicate all the claims and dispositive issues before it, the Board has jurisdiction to consider the non-adjudicated claims and issues, and may remand the case for OPM to complete a full review of the matter. *Ott*, 120 M.S.P.R. 453, ¶ 4; *Byrum v. Office of Personnel Management*, 618 F.3d 1323, 1332-33 (Fed. Cir. 2010).

¶6 In *Byrum*, the appellant submitted an application to OPM indicating that she was claiming her mother's FERS death benefits only in her capacity as her mother's "child" on her death benefits application, but supplemental documentation to the application clearly indicated that she was applying also in

her capacity as "assignee" of the benefits, pursuant to a court-ordered assignment executed by her mother's spouse. 618 F.3d 1323, 1326-27 (Fed. Cir. 2010). OPM denied the appellant's application without addressing whether the appellant was entitled to her mother's FERS death benefits by way of the assignment. *Id.* at 1327-28. Because of OPM's failure to address that issue, our reviewing court remanded the case for OPM to conduct a "full and complete review" of all of the claims in the appellant's application. *Id.* at 1333.

¶7    In *Ott*, the appellant submitted a disability retirement application with a list of impairments. 120 M.S.P.R. 453, ¶ 2. Although not included on that list, the medical documentation submitted with the application also demonstrated the existence of permanent hearing loss. *Id.* OPM denied the application, at the initial and reconsideration levels, without making any findings as it related to hearing loss. *Id.* The Board found the case similar to *Byrum* in that, by failing to address the hearing loss, OPM effectively failed to adjudicate all of the claims in the appellant's disability retirement application. *Id.*, ¶ 6. As a result, the Board remanded the case to OPM for a new reconsideration decision addressing whether all of the medical conditions raised in the appellant's application materials entitled her to disability retirement benefits. *Id.*, ¶¶ 6, 9. The Board's precedent in *Byrum* and *Ott* stand for the proposition that OPM must look beyond the four corners of a retirement application form to consider also an applicant's supporting documents.

¶8    Here, similar to *Byrum* and *Ott*, OPM limited its reconsideration decision of the appellant's eligibility for continuation of her disability retirement benefits to only some of the medical conditions in the appellant's original Statement of Disability, specifically her eye and skin irritation "due to an exposure in the Tool Room." IAF, Tab 9 at 21-22. However, the appellant listed additional conditions, such as insomnia, and provided supporting documentation of heavy metal exposure with her initial disability retirement application. *Id.* at 81-88. Furthermore, OPM's initial decision, from which the appellant requested

reconsideration, explicitly stated that she had previously been found disabled "due to poison exposure of dangerous levels of chemicals and heavy metals causing significant systemic reactions." *Id.* at 57.

¶9    In requesting reconsideration, the appellant provided updated medical documentation purportedly in support of her diagnosis of heavy metal poisoning, such as a December 2015 diagnosis of osteopenia, a January 2016 heavy metals panel, documentation for her January 2017 syncope and collapse, a February 2017 abnormal electro cardiology report, and documentation from emergency room visits in February and March 2017 related to tingling in her arms and legs. *Id.* at 88, 108-127.   However, OPM limited the scope of its reconsideration decision to the "eye and skin irritation" identified in the appellant's initial application and did not consider the documentation related to the appellant's other conditions. *Id.* at 7.   By not addressing the heavy metal poisoning, which OPM had previously indicated was the basis for granting the appellant's disability retirement application, *id.* at 57, OPM failed to adjudicate all of the issues necessary to determine the appellant's eligibility for continued disability retirement payments.[2]   Accordingly, as in *Ott*, we find that this case should be remanded to OPM to determine whether the appellant's medical conditions, including heavy metal poisoning, entitle her to continued disability retirement benefits.[3]

---

[2] OPM provided a letter from its own contract medical doctor reflecting that he could not determine the conditions accepted by OPM, and recognizing that the appellant's claim had been accepted for "exposure." IAF, Tab 9 at 9.  He then declined to consider this accepted basis for granting disability retirement because it was not a health condition.   *Id.*   Without more, this discussion appears overly circumscribed. Presumably, OPM is in the best position to identify to what it was referring when it approved the claim of "exposure."

[3] In light of our decision to remand this matter to OPM for a new reconsideration decision, we do not address the appellant's remaining allegations of error by the administrative judge.

¶10     Further, although the appellant's receipt of Social Security disability benefits is not dispositive of her eligibility for continued FERS disability retirement benefits, OPM must consider on remand whether her receipt of those benefits affects the appellant's entitlement to FERS disability retirement benefits. *See Trevan v. Office of Personnel Management*, 69 F.3d 520, 526 (Fed. Cir. 1995); IAF, Tab 26.  OPM argues on review that the Social Security decision concerns a mental health condition with an onset date in 2015, and thus has no impact on the appellant's claim.  PFR File, Tab 6 at 11-12.  On this record, we are not persuaded.  First, the decision, which is incomplete, appears to attribute the appellant's mental health condition, as least in part, to heavy metal exposure.  IAF, Tab 26 at 2.  Further, OPM submitted medical documentation that suggests the appellant's mental health was at issue in her original disability retirement application.  IAF, Tab 9 at 91-94.  OPM may request documentation from the Social Security Administration to clarify any ambiguities in the decision.  *Trevan*, 69 F.3d at 526.

¶11     On review, the appellant provided a July 9, 2018 note from her doctor stating that her disability of "neuropathy pain and debilitating chronic fatigue" is permanent and that she is not capable of carrying out gainful employment. PFR File, Tab 3.  On remand, OPM should consider this evidence given the nature of disability retirement cases and the high priority the Board has placed on resolving such cases on the merits.  *See Ott*, 120 M.S.P.R. 453, ¶ 8 (citing these reasons in ordering OPM on remand to consider evidence relating to an appellant's disability retirement application that she submitted for the first time with her petition for review).[4]

---

[4] On May 8, 2019, the appellant filed a motion to supplement the record with an additional pleading.  PFR File, Tab 13.  In light of our disposition in this matter, we find it unnecessary to rule on the appellant's motion.  The appellant may wish to submit her additional medical documentation to OPM for consideration on remand. *See Ott*, 120 M.S.P.R. 453, ¶ 8.

**ORDER**

¶12     On remand, OPM shall issue a new reconsideration decision addressing whether the appellant's medical conditions, including heavy metal poisoning, entitle her to continued disability retirement benefits.  OPM shall issue the new reconsideration decision within 60 calendar days from the date of this Remand Order and shall advise the appellant of her right to file an appeal to the Western Regional Office if she disagrees with that new decision.  *See Litzenberger v. Office of Personnel Management*, 88 M.S.P.R. 419, 424 (2001).

¶13     We also ORDER OPM to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order.  We ORDER the appellant to provide all necessary information OPM requests to help it carry out the Board's Order.  The appellant, if not notified, should ask OPM about its progress.  *See* 5 C.F.R. § 1201.181(b).

¶14     No later than 30 days after OPM tells the appellant it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the Western Regional Office if the appellant believes that OPM did not fully carry out the Board's Order.  The petition should contain specific reasons why the appellant believes OPM has not fully carried out the Board's Order, and should include the dates and results of any communications with OPM.  *See* 5 C.F.R. § 1201.182(a).

FOR THE BOARD:                          _____/s/ for_____

                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.